CULPEPPER, Judge.
This is a suit for $179.05 in property damages to plaintiff’s automobile, resulting from an intersectional collision .in Lake Charles. From an adverse judgment, defendant appeals.
The scene of the accident is the T-intersection of 12th Street, a two-lane, two-way thoroughfare running east and west, with 7th Avenue, also a two-lane, two-way street, which enters 12th Street from the north. 12th Street enjoys the right of way. It was during hours of daylight and the weather was clear.
At the time of the collision, there was a large truck, being used by a tree trimming crew, parked on the south side of 12th Street immediately opposite the entrance to 7th Avenue, in such a way as to block the eastbound lane of traffic on 12th Street. The truck was headed east. Two red flags were placed a few feet to the rear of the truck.
Plaintiff was driving south on 7th Avenue. Her version of the accident is that she came to a complete stop at the intersection; looked to her left and saw no traffic approaching; saw the parked truck with three vehicles stopped behind it, i. e., to the west of the truck; then slowly commenced a right turn; when the front one-half of her automobile was in the intersection, the *105 first of the three vehicles, stopped about 6 feet behind the track (later determined to be defendant’s automobile), suddenly swerved out into the eastbound lane of traffic on 12th Street, and drove forward into plaintiff’s automobile. The left front of defendant’s vehicle struck the left front of plaintiff’s car.
Defendant’s version of the accident is entirely different. She testified that she was driving east on 12th Street; saw several cars some distance'ahead of her go around the parked track; as she approached the track, she slowed down and saw plaintiff’s automobile on 7th Avenue but assumed plaintiff would yield the right of way; defendant proceeded around the truck; when she reached a point about at the intersection plaintiff suddenly drove out of 7th Avenue and struck her.
The issues are factual and depend almost entirely on the credibility of the witnesses. In a written opinion the trial judge accepts the version of the accident given by plaintiff. One of the fundamental rules of appellate review is that a factual determination of the trial judge will not be disturbed where it is based on an evaluation of the credibility of the witnesses. King v. United States Fire Insurance Company, La. App., 169 So.2d 634. Hence, we accept the trial judge’s finding of fact, which is that set forth in the version of the accident given by plaintiff.
Section 12.24 of the Lake Charles City Code provides that at an intersection vehicles must travel .on the’right half of the highway, “unless such right half is obstructed”. Here, of course, the right half of 12th Street was obstructed by the truck. Thus, under the City Code, defendant had a right to go around the truck. However, she was required, like all persons turning vehicles on streets and ¿highways, to use reasonable care in doing so. Under the facts as found by the trial judge, defendant, from her stopped position about 6 feet behind the truck, should have ascertained that she could move into the left one-half of 12th Street and pass the track in safety, before starting her passing maneuver. Her failure to take such a precaution was negligence.
Of course, plaintiff was also required to use reasonable care in making a right turn onto 12th Street. However, under the facts found by the district judge, plaintiff did all that she could be reasonably required to do. She looked and saw defendant’s vehicle stopped behind the truck. Then plaintiff started her right turn. When the front one-half of her vehicle was in the intersection, defendant suddenly swerved out from behind the truck and proceeded forward directly in the plaintiff’s automobile. Under this version of the facts, plaintiff was not contributorily negligent.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.